The Honorable Sarah S. Agee State Representative 11898 Sage Road Prairie Grove, AR 72753-9168
Dear Representative Agee:
You have requested my opinion on certain issues that have arisen out of the City of Lincoln's personnel policy manual. More specifically, your questions are concerned with the following provision of the policy manual:
 Employees affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes as person disabled for non-pregnancy related reasons. Therefore, accrued sick leave and vacation leave, if representative of the employee, will be granted for maternity use after which leave without pay must be used.
You indicate that under the administration of a previous mayor, a particular employee was granted sick leave pursuant to this provision while his wife was on maternity leave. Under the new mayor's administration, another employee was denied the use of sick leave under the same circumstances.
In light of these facts, you have presented the following questions:
 (1) Since the city set a precedent with the first employee, must the city continue to follow that practice, or can it interpret the provision differently under each new mayor? Should the city change the personnel policy to achieve the result it wants?
 (2) Do federal laws bind the City of Lincoln? Is the answer to this question affected by the number of employees the city has?
RESPONSE
Question 1 — Since the city set a precedent with the first employee, mustthe city continue to follow that practice, or can it interpret theprovision differently under each new mayor? Should the city change thepersonnel policy to achieve the result it wants?
These are questions about the proper interpretation of the city's personnel policy. State law does not mandate that cities interpret their own policies in any particular way, nor does state law require that cities be bound by a particular interpretation once it has been implemented. The city must, of course, interpret its policy in a manner that is consistent with all applicable laws (such as the federal Family and Medical Leave Act, 29 U.S.C. § 2601 et seq., as discussed in response to Question 2). However, differences in treatment, if unjustified, could give rise to allegations that the city has violated the constitutional principle of equal protection. See U.S. Const., Am. 14; Ark. Const., Art.2, § 3. Moreover, if an aggrieved party should sue over the matter, which would require a court to interpret the policy, the court's interpretation of the policy would be binding upon the city. If the city is concerned that the language of the current policy is not crafted clearly enough to achieve the desired result, the city is certainly at liberty to revise that language.
Question 2 — Do federal laws bind the City of Lincoln? Is the answer tothis question affected by the number of employees the city has?
All cities are, as a general proposition, subject to federal law. The federal law that is implicated by the situation you have described is the Family and Medical Leave Act (FMLA) (29 U.S.C. § 2601 et seq.), which, among other mandates, requires certain employers to grant their employees a certain amount of leave time in connection with pregnancies. See29 U.S.C. § 2612. Although the FMLA does expressly apply to cities, see29 U.S.C. § 2611(4) and § 203(x), it also provides an exception for employers who have fewer than fifty employees. See 29 U.S.C. § 2611(2)(B) and § 2611(4)(A). Moreover, the Act establishes certain eligibility requirements that may result in one person being eligible for protection under the Act while another is precluded. For example, the Act requires that in order to be eligible, an individual must have worked for the employer for 12 months and for at least 1,200 hours during the previous 12 months. 29 U.S.C. § 2611(2)(A). Thus, while an employer must be consistent in the treatment of its employees, differences in eligibility under the Act could account for differences in treatment.
Therefore, the question of whether the City of Lincoln is required by the Family and Medical Leave Act to grant its employees leave time in connection with a pregnancy will depend upon such factors as whether the city employs fifty or more employees and the eligibility status of the particular employees.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General